# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JULIUS D. PARHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00148-PLC |
| | ) | |
| DARREN CANN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Julius D. Parham for leave

to commence this civil action without prepayment of the required filing fee. (Docket No. 2).

Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay

the filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1).

Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without

prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00,

until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal

framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8ᵗʰ Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8ᵗʰ Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8ᵗʰ Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant currently incarcerated at the Mississippi County Detention Center in Charleston, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. The complaint names Prosecutor Darren Cann, Assistant Prosecutor Claire Poley, the Mississippi County Sheriff's Department, and the Mississippi County Detention Center as defendants. (Docket No. 1 at 2-3). Defendants Cann and Poley are sued in both their official and individual capacities.

Plaintiff alleges that he was "falsely accused" and charged with the Class E felony of criminal nonsupport. (Docket no. 1 at 4).[1] He further states he was "unlawfully arrested and unlawfully detained in the Mississippi County Detention Center from" July 24, 2018 until September 14, 2018. Plaintiff asserts that the felony nonsupport charge was frivolous "based upon the evidence that was presented by the State and [the] investigation done by the State leading up to the decision by the State to file said charges."

The nonsupport charge against plaintiff was dropped on September 14, 2018, after plaintiff had rejected a plea offer that had been made to him at his preliminary hearing. Plaintiff states that

---

[1] Plaintiff states that the caption for this case is *State of Missouri v. Parham*, No. 18MI-CR00204 (33ʳᵈ Cir., Mississippi County). The case is not available for review on Case.net, Missouri's online case management system.

the charge was dropped after his attorneys emailed Prosecutor Poley to advise her that plaintiff

had been "maliciously, frivolously[,] falsely and unlawfully charged by the State of Missouri" by

"Mississippi County Prosecuting Attorney Darren Cann."

Plaintiff claims that the actions of the prosecutors violated his civil rights. (Docket No. 1

at 5). He further asserts that because Prosecutor Cann and Prosecutor Poley investigated the case

prior to the filing of the charge, they are not entitled to immunity.

As a result of his allegedly unlawful arrest and detention, plaintiff states that he suffers

mental and psychological disorders, including posttraumatic stress. (Docket No. 1 at 6, 8). He also

asserts that his character has been slandered and defamed, and that he has suffered a back injury

and hemorrhoids from sitting on metal while incarcerated.

Plaintiff seeks $1,500,000 in punitive damages and $1,500,000 in actual damages. (Docket

No. 1 at 9).

**Discussion**

Plaintiff is a pro se litigant who has filed a civil action pursuant to 42 U.S.C. § 1983 against

Prosecutor Cann, Prosecutor Poley, the Mississippi County Sheriff's Department, and the

Mississippi County Detention Center. Having reviewed the complaint, and for the reasons

discussed below, plaintiff's complaint will be dismissed.

### A. Claims Against the Mississippi County Sheriff's Department and Mississippi County Detention Center

Plaintiff has named both the Mississippi County Sheriff's Department and the Mississippi

County Detention Center as defendants. However, both claims fail because neither is a juridical

entity, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)

(stating that West Memphis Police Department and West Memphis Paramedic Services were

"simply departments or subdivisions of the City government," and not suable entities); *Owens v.*

4

*Scott Cty. Jail*, 328 F.3d 1026, 1027 (8ᵗʰ Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8ᵗʰ Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Therefore, his claims against the Mississippi County Sheriff's Department and the Mississippi County Detention Center must be dismissed.

Even if Mississippi County is treated as the defendant, plaintiff has still failed to state a claim. A local governing body such as Mississippi County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8ᵗʰ Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8ᵗʰ Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8ᵗʰ Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can potentially prove the liability of Mississippi County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8ᵗʰ Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8ᵗʰ Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its

employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff's complaint focuses on the actions of two prosecutors in a criminal action against him. Plaintiff has not presented any allegations that support the proposition that his constitutional rights were violated because of an official policy or unofficial custom on the part of Mississippi County. He has also failed to present any allegations that Mississippi County was deliberately indifferent in failing to train or supervise its employees. Thus, he has failed to state a claim against Mississippi County. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## B. Official Capacity Claims Against Prosecutor Cann and Prosecutor Poley

Plaintiff's official capacity claims against Prosecutor Cann and Prosecutor Poley must be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, both Prosecutor Cann and Prosecutor Poley are alleged to be employed by Mississippi County, Missouri. Thus, an official capacity claim against them is actually a claim

against Mississippi County itself. In order to prevail on such a claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. To do so, he must demonstrate that the violation of his constitutional rights "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *See Mick*, 883 F.3d at 1079. As discussed above, plaintiff has presented no factual allegations regarding a Mississippi County policy, custom, or failure to train. Therefore, the official capacity claims against Prosecutor Cann and Prosecutor Poley must be dismissed.

## C. Individual Capacity Claims Against Prosecutor Cann and Prosecutor Poley

Plaintiff's individual capacity claims against Prosecutor Cann and Prosecutor Poley must be dismissed. Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id.* On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.*

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

8

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodsworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

To the extent that plaintiff is alleging that Prosecutor Cann and Prosecutor Poley violated his constitutional rights by preparing, signing, and filing a criminal complaint against him, the claim fails because those are prosecutorial functions that entitle Cann and Poley to absolute immunity. This is the case regardless of plaintiff's allegations of malice.

Plaintiff asserts that Prosecutor Cann and Prosecutor Poley are not immune because they "investigated the case and [the] evidence in this case prior to the filing of the charge." Plaintiff provides no explanation as to what he means by this statement, and there is no indication that defendants' prosecutorial review was outside their role as advocates for the state. That is, "the duties of the prosecutor in his role as advocate for the State involves actions preliminary to the initiation of a prosecution and actions apart from the courtroom, and are nonetheless entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Plaintiff does not allege, for instance, that Prosecutor Cann or Prosecutor Poley took on the role of a detective by "searching for the clues and corroboration that might give [them] probable cause to recommend that a suspect be arrested." *See Id.* at 273 (explaining that "[w]hen a prosecutor performs the investigative

functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other"). The only allegation against Prosecutor Cann and Prosecutor Poley is that they brought a false charge. As explained above, defendants are absolutely immune when fulfilling their duties as prosecutors by bringing charges against an individual.

Even if Prosecutor Cann and Prosecutor Poley are not entitled to immunity, the individual capacity claims against them must still be dismissed for failure to state a claim. As noted above, to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. The complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the complaint, a court must accept factual allegations as true, but is not required to "accept as true any legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

Here, plaintiff's complaint does not contain sufficient factual allegations to raise his right to relief above the speculative level or to state a plausible claim for relief. With regard to Prosecutor Cann, plaintiff asserts only that Cann "maliciously, frivolously[,] falsely and unlawfully charged" him with a felony. He also states that Prosecutor Cann investigated the evidence in the case before filing the charge against him.

There are no supporting facts to demonstrate how Prosecutor Cann acted maliciously, or frivolously, or falsely, or unlawfully. Furthermore, plaintiff does not provide any facts to establish that Prosecutor Cann's investigation of the case was somehow wrongful. Instead, plaintiff relies solely on the labels that he ascribes to Prosecutor Cann's alleged conduct. These assertions amount

to nothing more than conclusory statements, without any corresponding factual support. The Court is not required to accept such conclusions as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). *See also Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

With regard to Prosecutor Poley, plaintiff states that the charge against him was dropped after his attorneys contacted Poley by email. Plaintiff also states that Prosecutor Poley took part in investigating the case before it was filed. Again, as with Prosecutor Cann, plaintiff relies on labels and conclusions rather than statements of fact. He concludes that he was wrongfully and maliciously charged with a crime without ever describing the nature of the wrongful conduct, or establishing that Prosecutor Poley's actions make her liable for violating plaintiff's constitutional rights. Thus, as with Prosecutor Cann, plaintiff has not stated a plausible claim for relief against Prosecutor Poley. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief").

Because plaintiff has failed to state a claim against either Prosecutor Cann or Prosecutor Poley, the individual capacity claims against them must be dismissed.

**D. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of January, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE